UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-8884-MWF (SKx) | Date:  November 25, 2020 |
| Title:     Sandra Prager Balsamo v. Smart and Final Stores LLC et al | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION TO REMAND CASE TO SAN LUIS OBISPO SUPERIOR COURT [12]

Before the Court is Plaintiff Sandra Prager Balsamo's Motion to Remand Case to San Luis Obispo Superior Court (the "Motion"), filed on October 22, 2020. (Docket No. 12).  Defendants Smart & Final Stores, LLC and Marti Buentiempo filed an opposition on November 2, 2020.  (Docket No. 15).  Plaintiff filed a reply on November 9, 2020.  (Docket No. 16).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on November 23, 2020, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

The Motion is **GRANTED**.  Removal was improper because the Complaint did not pose a federal question by merely referencing the Americans with Disabilities Act.  The Court further awards attorneys' fees to Plaintiff because removal was objectively unreasonable.

## I.     BACKGROUND

Plaintiff commenced this action on July 29, 2020, in San Luis Obispo Superior Court.  (*See* Notice of Removal ("NoR"), Ex. A, Complaint (Docket No. 1-1)).  Plaintiff and Defendants are all citizens of California.  (First Amended Complaint ("FAC") ¶¶ 4, 5 (Docket No. 10)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-8884-MWF (SKx)			Date: November 25, 2020
Title:	Sandra Prager Balsamo v. Smart and Final Stores LLC et al

The Complaint states two claims for relief under the Unruh Civil Rights Act (the "Unruh Act"), and the California Disabled Persons Act (the "DPA"). (*See generally*, NoR, Ex. A, Complaint at 1). The Complaint references the Americans with Disabilities Act (the "ADA") but does not state a claim for injunctive relief under the ADA. (*See, e.g.*, *id.* ¶¶ 16-17). Though the Notice of Removal omits the Complaint's even-numbered pages (presumably inadvertently), Plaintiff appears to allege that Defendants discriminated against her, a person with a disability/medical issue, by refusing to allow her to shop in their store without wearing a facemask, as required by the store's mandatory mask-wearing policy. (*Id.* ¶¶ 16-19). Plaintiff claims that her medical condition prevents her from being able to wear a facemask. (*Id.* ¶ 16). The Complaint seeks monetary damages pursuant to the statute's minimum damages for each offense. (*See generally id.*).

Defendants removed the action to federal court on September 28, 2020, claiming that the Court has federal question jurisdiction because the Complaint "cites to and discusses" the ADA and "extensively quotes and relies on the ADA's definition of public accommodation.'" (NoR ¶ 3) (citing Complaint ¶¶ 14, 16, 17, 24).

Plaintiff filed the FAC on October 8, 2020. (*See* Docket No. 10). The FAC states claims for relief under the Unruh Act and the DPA, and adds a defamation claim against Defendant Buentiempo. (*See generally* FAC). While the core factual allegations against Defendants remain largely the same, the FAC removes all references to and mentions of the ADA. (*See id.*).

## II.	DISCUSSION

### A.	Whether Removal was Proper

Plaintiff argues that the action should be remanded because removal was improper, as the Court lacks subject matter jurisdiction over the matter. Specifically, Plaintiff argues that neither the Complaint nor the FAC allege violations of federal law, and therefore, there is no federal question jurisdiction. (Motion at 5-7). There is no diversity jurisdiction because the parties are all citizens of California. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8884-MWF (SKx)　　　　　　Date:  November 25, 2020
Title:　　　Sandra Prager Balsamo v. Smart and Final Stores LLC et al

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Additionally, "[w]hen a claim can be supported by alternative and independent theories — one of which is a state law theory and one of which is a federal law theory — federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).  "Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim."  *Wander v. Kaus*, 304 F.3d 856, 859-60 (9th Cir. 2002).

Defendants assert that removal was proper because the Complaint "posed a federal question" by referencing and relying on the ADA.  (Opposition at 4).  Defendants further contend that Plaintiff cannot divest the Court of federal jurisdiction by removing all references to the ADA in the FAC, and that the Court should exercise supplemental jurisdiction over the action.  (*Id.* at 4-11).

Defendants' argument is foreclosed by the Ninth Circuit's decision in *Wander*, which held that a plaintiff's allegations of ADA violations are insufficient to create federal question jurisdiction where the plaintiff brings only state law claims for damages, and the ADA allegations merely prove an element of those state law claims.  304 F.3d at 859-60 (affirming district court's dismissal of plaintiff's DPA claim for lack of subject matter jurisdiction); *see also Kohler v. Southland Foods, Inc.*, 459 F. App'x 617, 618-19 (9th Cir. 2011) (rejecting argument that plaintiff's Unruh Act claim for damages based on ADA violation creates federal question jurisdiction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8884-MWF (SKx)  Date:  November 25, 2020
Title:     Sandra Prager Balsamo v. Smart and Final Stores LLC et al

Removal was improper as a matter of law because the Complaint did not create federal question jurisdiction by merely referencing the ADA in support of its state law claims seeking damages. The Court need not decide whether to exercise supplemental jurisdiction over Plaintiff's state law claims, as it lacked jurisdiction from the outset.

Accordingly, the Motion is **GRANTED**.

### B.  Fees, Costs, and Sanctions

Plaintiff further requests reimbursement of fees and costs spent to bring the Motion. (Motion at 7).

The Court may award just costs and attorneys' fees incurred as a result of removal under 28 U.S.C. § 1447(c), but "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). "Rather, the court should assess 'whether the relevant case law clearly foreclosed the defendant's basis of removal' by examining the 'clarity of the law at the time of removal.'" *Martinez v. Michaels*, CV 15-02104 MMM (Ex), 2015 WL 4337059, at *10 (C.D. Cal. July 15, 2015) (quoting *Lussier*, 518 F.3d at 1066)).

Defendants' basis of removal appears to have been foreclosed in the Ninth Circuit for nearly two decades, pursuant to the *Wander* decision, which was reaffirmed in an unpublished decision in 2011 by *Kohler*. In addition, numerous district courts have remanded actions under the exact circumstances present here, where the complaint did not state a claim under the ADA but merely referenced the ADA in support of state law claims under the DPA and the Unruh Act. *See, e.g.*, *Ramos v. Mannington Mills, Inc.*, CV 20-3577-PA (PVCx), 2020 WL 3891456, at *2 (C.D. Cal. Apr. 21, 2020) (granting motion to remand, explaining that "the Ninth Circuit has clearly rejected the position that a state-law claim arises under federal law because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8884-MWF (SKx)                    Date:  November 25, 2020
Title:       Sandra Prager Balsamo v. Smart and Final Stores LLC et al

Unruh Civil Rights Act incorporates an ADA violation as an element") (citing *Kohler*, 459 F. App'x at 618-19); *Rutherford v. La Jolla Riviera Apartment House LLC*, CV 19-1349 JM (MDD), 2019 WL 6125255, at *4 (S.D. Cal. Nov. 19, 2019) (granting motion to remand, noting that "there is no good reason to deviate from the multitude of other district courts finding that Unruh Act claims premised on the ADA, including those seeking injunctive relief, are outside the court's federal question jurisdiction"); *Martinez v. Greatcollections.com, LLC*, SACV 19-1647-JLS (KESx), 2019 WL 4742299, at *1 (C.D. Cal. Sept. 27, 2019) (same); *Licea v. J&P Park Acquisitions, Inc.*, CV 19-68-R, 2019 WL 1296876, at *1 (C.D. Cal. Mar. 20, 2019) (same); *Pineda v. Kroger Co.*, CV 19-75 FMO (SKx), 2019 WL 192926, at *2 (C.D. Cal. Jan. 15, 2019) ("[T]he fact that plaintiff relies in part on ADA violations as the basis for his state claims, is insufficient to confer federal question jurisdiction[.]"); *Rios v. New York & Co., Inc.*, CV 17-4676 ODW (AGRx), 2017 WL 3575220, at *2 (C.D. Cal. Aug. 17, 2017) (finding that no federal question jurisdiction exists because the plaintiff "also allege[d] that Defendant's conduct violates the Unruh Act based on that act's own provisions").

    Defendants fail to acknowledge controlling Ninth Circuit case law on point, or subsequent district court opinions applying such case law, on this issue.  This omission is curious, given that "[o]ver a half-dozen of these improperly removed cases were brought by Defendant's counsel[,]" law firm Sheppard Mullin Richter & Hampton in Costa Mesa, CA.  *Rutherford*, 2019 WL 6125255, at *6 (listing seven cases, all of which were brought by Sheppard Mullin).

    In at least three of these improperly removed actions, the defendants' remand oppositions cited *Wander* in the opening paragraph.  *See Thurston v. Container Store, Inc.*, EDCV 16-2658-SVW (DTBx), 2017 WL 658806, at *1 (C.D. Cal. Feb. 16, 2017) (Docket No. 12, Opposition at 1); *Thurston v. Omni Hotels Mgmt. Corp.*, EDCV 16-2596-TJH (KKx), 2017 WL 3034333, at *1 (C.D. Cal. May 19, 2017) (Docket No. 12, Opposition at 1); *Rios*, CV 17-4676 ODW (AGRx), 2017 WL 3575220, at *2 (Docket No. 12, Opposition at 1).  Also in each case, the plaintiffs had cited *Wander* in their opening motions.  *See Container Store, Inc.*, EDCV 16-2658-SVW (DTBx) (Docket

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8884-MWF (SKx)                                Date:  November 25, 2020
Title:     Sandra Prager Balsamo v. Smart and Final Stores LLC et al

No. 10, Motion to Remand at 2); *Omni Hotels Mgmt. Corp.*, EDCV 16-2596-TJH (KKx) (Docket No. 10, Motion to Remand at 2); *Rios*, CV 17-4676 ODW (AGRx) (Docket No. 11, Motion to Remand at 1).

Here, Plaintiff's opening motion did not cite *Wander*. (*See generally* Motion). Not only did the Opposition here fail to acknowledge *Wander*, but it took the additional step of moving for sanctions against **Plaintiff** for bringing a motion that counsel knew (or more charitably, should have known) was likely to be meritorious and was at the very least supported by controlling Ninth Circuit law. Viewed together, these circumstances weigh in favor of granting Plaintiff's request.

At the hearing, Defense counsel argued that Defendants had an objectively reasonable basis for removal because the Complaint sought injunctive relief under the Unruh Act, a scenario which the Ninth Circuit did not address in *Wander*. Defense counsel also asserted that Defendants' failure to cite *Wander* was not an attempt to deceive the Court, but rather, that failure was because Defendants found *Wander* wholly inapplicable, claiming that it encompassed a "very, very different" scenario than the situation here. This argument is not persuasive. The Court also declines Defendants' request to brief this issue. Defendants' opportunity to make these arguments was in the Opposition.

While it is true that "some district courts found that *Wander* left open the possibility that a court could (1) find federal question jurisdiction over claims for injunctive relief under the Unruh Act and (2) exercise supplemental jurisdiction over related claims for damages under the Unruh Act[,]" *Rutherford*, 2019 WL 6125255, at *3, the Court disagrees with this interpretation of *Wander*. As the *Rutherford* court explained, "in deciding whether to exercise supplemental jurisdiction over the claim for damages, the court would face the same problem as the court in *Wander*, *i.e.* that Congress did not intend for damages to be available in federal court for violations of the ADA." *Id.* at *4 (citing *Wander*, 304 F.3d at 859 ("*Wander* would have the federal court exercise jurisdiction over his state-law damage suit, premised on a violation of the ADA, even though Congress intended that such ADA violations not give rise to a federal cause of action for damages.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8884-MWF (SKx)                    Date:  November 25, 2020
Title:      Sandra Prager Balsamo v. Smart and Final Stores LLC et al

And perhaps more importantly, and contrary to Defendants' assertion at the hearing that "a whole line of cases" found *Wander* inapplicable "in this exact scenario," the vast majority of courts to consider the impact of state claims for injunctive relief ***did not*** hold

> that federal question jurisdiction existed over Unruh Act claims for injunctive relief premised on ADA violations, or that supplemental jurisdiction should be exercised over related state claims for damages.  Instead, all of these courts, as well as others, found that federal question jurisdiction did not exist because proving an ADA violation is just one way of proving an Unruh Act violation.

*Rutherford*, 2019 WL 6125255, at *3-4 (citing fourteen district court opinions, seven of which were brought by Sheppard Mullin).

Defendants' position that *Wander* left open the possibility of exercising jurisdiction under the circumstances present here — while rejected by this Court and the vast majority of district courts to have considered the issue — would not necessarily have been objectively unreasonable ***had Defendants actually made that argument*** in support of its basis for removal.  However, Defendants elected not to do so until the Court indicated that it was considering imposing fees.

By way of analogy, a losing argument is not sanctionable in the Rule 11 context where it non-frivolously seeks "the extension, modification, or reversal of existing law[.]"  *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(2)).  Of course, such an argument necessarily requires counsel to acknowledge the existence of unfavorable controlling authority.  But where counsel makes arguments knowing of the unfavorable precedent on point, merely pretending that it does not exist, his conduct is sanctionable.  *See Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) (plaintiffs did not make good faith argument to modify or reverse binding appellate opinion because "they did not refer to it at all").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-8884-MWF (SKx)**           **Date:  November 25, 2020**
**Title:**     Sandra Prager Balsamo v. Smart and Final Stores LLC et al

Here, Defendants chose not to argue for an extension, modification, or reversal of *Wander*, and neglected to attempt to distinguish it.  As a result, they are left with "a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Holgate*, 425 F.3d at 676 (defining the word "frivolous" in the Rule 11 context) (emphasis in original).

At the hearing, Defendants argued that "courts have uniformly denied requests for attorneys' fees in exactly the same situation."  (citing *Thurston v. ClearPath Lending, Inc.*, SACV-18-2094-JVS (JDEx), 2019 WL 366405, at *4 (C.D. Cal. Jan. 28, 2019); *Martinez v. Adidas Am., Inc.*, EDCV-19-841-JGB (KKx), 2019 WL 3002864, at *5 (C.D. Cal. July 9, 2019); *Thurston v. Container Store, Inc.*, EDCV 16-2658-SVW (DTBx), 2017 WL 658806, at *3 (C.D. Cal. Feb. 16, 2017)).  The decision not to award fees in these cases is inapposite here because in those cases, Defendants made a losing but non-frivolous argument that *Wander* did not foreclose jurisdiction.  Defendants made no such arguments here.  Granting Plaintiff's request for fees is therefore warranted.  *See Rutherford*, 2019 WL 6125255, at *6 (explaining that the court "would have been inclined to grant Plaintiff's request for attorney's fees had it not been for Plaintiff's counsel's" equally "unnecessary and unprofessional" conduct in misleading the court and personally attacking defense counsel); *Licea*, 2019 WL 1296876, at *2 (granting plaintiffs attorneys' fees in Unruh Act and DPA case which merely mentioned ADA in the complaint "because binding Ninth Circuit precedent clearly indicates that removal was improper, and because courts in this district have recently remanded cases on similar (in some cases nearly identical) facts").

Finally, Plaintiff counsel represented at the hearing that he offered to stipulate to remand the action back to state court.  Defense counsel refused, requiring Plaintiff counsel to incur additional costs to bring the Motion.

In sum, attorneys' fees are warranted because:  (1) the great weight of authority strongly suggested that removal was improper (and in this Court's view, foreclosed removal); (2) Defendants failed to acknowledge or distinguish Ninth Circuit precedent on point or district court opinions remanding cases in the exact same scenario here (even though Defense counsel was well aware of these authorities); (3) *Rutherford*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8884-MWF (SKx)              Date:  November 25, 2020
Title:     Sandra Prager Balsamo v. Smart and Final Stores LLC et al

should have served as an explicit warning to Sheppard Mullin that its positions were unreasonable; (4) Defendants made an unsupported request for sanctions against Plaintiff; and (5) Plaintiff offered to stipulate to remand the action to state court, which Defendants refused.

Plaintiff's request for costs and fees is **GRANTED**.  Pursuant to Local Rule 54, Plaintiff shall move for attorneys' fees and costs expended in bringing the Motion no later than **December 8, 2020**.

Defendants' request for Rule 11 sanctions is, obviously, **DENIED**.

### III.  CONCLUSION

The Motion is **GRANTED**.  The Court **REMANDS** this action to the Superior Court of the State of California for the County of San Luis Obispo.

Plaintiff's request for costs and fees is **GRANTED**.

Defendants' request for Rule 11 sanctions is **DENIED**.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or as to whether a demurrer should be sustained or overruled in superior court.

IT IS SO ORDERED.